UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **CHANCE L. OLIVER** | **CIVIL ACTION NO. 18-0477** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE ELIZABETH E. FOOTE** |
| **C. A. FREDERICK** | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Petitioner Chance L. Oliver, an inmate in the custody of Louisiana's Department of Corrections proceeding pro se and in forma pauperis, filed the instant Petition for writ of habeas corpus under 28 U.S.C. § 2254 on March 18, 2018. [doc. #s 3, 4]. Petitioner attacks his aggravated incest conviction and the fifteen-year sentence imposed by the Fourth Judicial District Court, Ouachita Parish.[1] For the following reasons, it is recommended that the Petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred under 28 U.S.C. § 2244(d).

**Background**

Petitioner pled guilty to aggravated incest on June 26, 2013. [doc. # 4-3, p. 1]. On September 5, 2013, the Fourth Judicial District Court, Ouachita Parish, sentenced Petitioner to fifteen years at hard labor with five years suspended. [doc. # 4].

Petitioner appealed to the Second Circuit Court of Appeal and, on August 13, 2014, the appellate court affirmed his sentence. The appellate court mailed the judgment to Petitioner the

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

same day.[2] Petitioner did not seek further direct review before the Louisiana Supreme Court. [doc. # 4, p. 2].

Petitioner filed an application for post-conviction relief in the Fifth Judicial District Court, Richland Parish, on February 12, 2016. *Id.* at 3. The Fifth Judicial District Court denied Petitioner's application on February 16, 2016. *Id.* at 4. Petitioner moved the court to reconsider its decision and, on April 20, 2016, following a hearing, the court denied Petitioner's application once more. [doc. # 4-3, p. 40-41]. The Second Circuit Court of Appeal denied Petitioner's writ application on August 18, 2016. *Id.* at 79. The Louisiana Supreme Court denied writs on February 23, 2018. *Id.* at 81.

## Law and Analysis

Title 28 U.S.C. § 2244(d)(1) provides a one-year statute of limitations for filing habeas corpus applications by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A).[3] When a petitioner concludes his state court direct appeal before it reaches the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires." *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir.

---

[2] TELEPHONE CALL TO COURT OF APPEAL, SECOND CIRCUIT, May 1, 2018.

[3] Nothing in the record suggests that any state-created impediments prevented the filing of this Petition. *See* 28 U.S.C. § 2244(d)(1)(B). Nor do the claims asserted rely on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. *See id.* § (d)(1)(C). Further, Petitioner does not contend that "the factual predicate of the claim or claims presented" were "discovered through the exercise of due diligence" after the date on which his judgment became final. *See id.* § (d)(1)(D).

2003).

Here, the Second Circuit Court of Appeal affirmed Petitioner's conviction on August 13, 2014, and mailed notice of the judgment the same day. *State v. Oliver*, 49,212 (La. App. 2 Cir. 8/13/14), 147 So. 3d 303. Petitioner did not seek further direct review before the Louisiana Supreme Court. [doc. # 4, p. 2]. Under Louisiana Supreme Court Rule 10, § 5(a), an appellant has thirty days, from the mailing of the notice of the original judgment of the court of appeal, to apply to the Louisiana Supreme Court for review of a judgment of the court of appeal. Thus, Petitioner's conviction became final on September 12, 2014, the date on which Petitioner's time for seeking further review in state court expired.

Because Petitioner's conviction became final on September 12, 2014, Petitioner had one year, or until September 12, 2015, to file a federal habeas corpus petition. However, since September 12, 2015, fell on a Saturday, the one-year period was extended to the following Monday, or September 14, 2015.[4] Petitioner did not file the instant Petition until March 18, 2018. Thus, Petitioner's claims are barred by the one-year limitation period unless Petitioner extended the September 14, 2015 deadline through statutory or equitable tolling.

**I. Statutory Tolling**

The statutory tolling provision in 28 U.S.C. § 2244(d)(2) provides, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation . . . ." However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted

---

[4] *See* FED. R. CIV. P. 6(a)(1)(C) (stating that a one-year period should "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

against the one-year limitations period, *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998), and the limitations period is tolled only for as long as the state application remains pending. *Johnson v. Quarterman*, 483 F.3d 278, 285 (5th Cir. 2007).

Here, Petitioner did not file an application for post-conviction relief before the one-year limitations period expired. As noted, Petitioner's conviction became final on September 12, 2014. Absent tolling, the time period for filing a federal habeas corpus petition expired on September 14, 2015. Petitioner waited until February 12, 2016, to file an application for post-conviction relief in state court. As Petitioner did not file for post-conviction relief in state court before September 14, 2015, Petitioner did not interrupt or toll the period of limitation. Accordingly, the instant Petition is untimely and should be dismissed absent rare and exceptional circumstances.

## II. Equitable Tolling

The one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *U.S. v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Fla.*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418

(2005)).

Nothing of record supports equitable tolling here. It does not appear that Petitioner was actively misled by the State or otherwise prevented in some extraordinary way from asserting his rights. Accordingly, the Petition is time-barred under 28 U.S.C. § 2244(d)(1)(A).

## Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that Petitioner Chance L. Oliver's Petition for habeas corpus, [doc. # 4], be **DENIED and DISMISSED WITH PREJUDICE** as time-barred under 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Report and Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  *See* 28 U.S.C. § 2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, this 2nd  day of May, 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE